UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN JAMES TEEMAN and ANDREA JOY LYONS,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, CHILD PROTECTIVE SERVICES, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, STACI FOSTER, FRANCESCA GUZMAN, DORENE PEREZ, DEBBIE N. CHARD, and CLAUDIA ROCHA-RODRIGUEZ,[1]<br><br>Defendants.[2] | NO: 15-CV-3138-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

---

[1] The Clerk of Court shall modify the caption to reflect the correct spelling of Defendants' names.

[2] Yakima County Sherriff's Department and Yakima County have been inadvertently added to the docket; however, these parties are not named in the original or amended Complaint. Currently pending before this Court is a separate

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 1

BEFORE THE COURT is Defendants' Motion and Memorandum in Support of Defendants' 12(b) Motion to Dismiss (ECF No. 8). This matter was submitted for consideration without oral argument. The Court—having reviewed the briefing, the record, and files therein—is fully informed.

## BACKGROUND

On August 5, 2015, Plaintiffs Kevin Teeman and Andrea Lyons filed suit against the State of Washington, Child Protective Services ("CPS"), the Department of Social and Health Services ("DSHS"), and several individually-named state employees. ECF No. 1; *see* ECF No. 2 (Amended Complaint). This Court construes Plaintiffs' Amended Complaint as asserting, *inter alia*, a claim for interference with their constitutionally-protected parental rights in violation of 42 U.S.C § 1983, as well as several state tort law claims, including defamation, slander, and malicious prosecution.

In the instant motion, Defendants move to dismiss Plaintiffs' Amended Complaint, asserting that Plaintiffs have (1) insufficiently served several of the individually-named defendants, (2) failed to file the requisite tort claim notice

---

cause of action, No. 15-CV-3139, in which Yakima County Sherriff's Department and Yakima County are named defendants. Accordingly, these parties are **TERMINATED** from this case.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 2

before commencing suit, and (3) failed to state any section 1983 claims against the State, its agencies, and the individually-named individuals to the extent they are sued in their official capacities.  ECF No. 8.

**FACTS[3]**

On September 11, 2014, CPS[4] received a report from a Yakima Regional Medical Center employee concerning the possible occurrence of abuse of C, one of Plaintiffs' four children.  Plaintiffs dispute the veracity of this report.

On September 12, 2014, CPS employee Staci Foster interviewed Plaintiffs' children, N and J, without notifying Plaintiffs.  Plaintiffs assert that a third-party witness, present for the interview, stated that Ms. Foster's notes of the interview—and what she subsequently put in her dependency petition—were not consistent with what N and J reported during the interview.

On September 12, 2014, Ms. Foster, together with the Yakima County Sheriff's Office, took protective custody of Plaintiffs' four children without a

---

[3] The following facts are principally drawn from Plaintiffs' Complaint and accepted as true for the instant motion.

[4] The "Child protective services section" is part of DSHS, which is a department of the state government.  RCW 26.44.020, 43.20A.035.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 3

1  warrant and without probable cause to believe the children were at risk of

2  imminent harm. The children were held in the state's custody for three weeks.

3        Ms. Foster filed a dependency petition—which Plaintiffs assert contain

4  inaccuracies and defamatory allegations of child abuse and neglect—and a

5  dependency case commenced. Plaintiffs requested an administrative hearing and,

6  on April 28, 2015, the allegations of abuse and neglect were dismissed.

7        On August 5, 2015, Plaintiffs filed suit against Defendants. ECF No. 1.

8  Although their Amended Complaint does not specify under which claims they are

9  seeking relief, this Court construes the pleading as alleging, *inter alia*, various state

10 law tort claims, including defamation, slander, and malicious prosecution, as well

11 as interference with their constitutionally-protected parental rights in violation of

12 42 U.S.C. § 1983.

## DISCUSSION

### A. Standard of Review

15       When addressing a motion to dismiss for lack of jurisdiction, the court is not

16 bound by the plaintiff's factual allegations. Pursuant to Rule 12(b)(1), which

17 governs dismissal for lack of subject matter jurisdiction, the court "may 'hear

18 evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary.'"

19 *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Augustine v.*

20 *United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). A Rule 12(b)(1) motion may

be either facial, where the court's inquiry is limited to the allegations in the complaint; or factual, where the court may look beyond the complaint to consider extrinsic evidence. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "If the moving party 'converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). Similarly, pursuant to Rule 12(b)(2), which governs dismissal for lack of personal jurisdiction, "[t]he court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The plaintiff bears the burden of demonstrating that the court has jurisdiction; however, "the plaintiff must make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013) (internal quotation marks omitted)

     A Rule 12(b)(6) motion tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must

also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, the court should generally draw all reasonable inferences in the plaintiff's favor. *See Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012); *Doe*, 248 F.3d at 922.

**B. Insufficiency of Service of Process**

First, Defendants move to dismiss Plaintiffs' Amended Complaint against four of the five individually-named DSHS employees, asserting that service of process was insufficient. ECF Nos. 8 at 3, 5-6; 18 at 2-6. Initially, Defendants faulted Plaintiffs for failure to serve all five of the individually-named Defendants; however, Defendants have since conceded that Ms. Guzman has been properly served.[5] Defendants maintain that Ms. Foster, Ms. Perez, Ms. Chard, and Ms. Rocha-Rodriguez have not been properly served because the summons and

---

[5] Defendants also do not dispute that the State of Washington, DSHS, and CPS have been properly served.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 6

complaint were delivered to each Defendant's administrative assistant. ECF No. 18 at 2-6 (citing ECF No. 17).

In response, Plaintiffs assert, without supporting evidence, that the individually-named Defendants have all been served a summons and copy of the complaint. ECF No. 16 at 2.

Federal Rule of Civil Procedure 4 governs the procedure for service of process. Pursuant to Rule 4(c), the plaintiff is responsible for ensuring that the summons and complaint are served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(c)(1), (m). "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2).[6] When serving an individual within a judicial district of the United States, service is made by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[6] Defendant may elect to avoid the cost of service and accept waiver of service that is mailed according to Fed. R. Civ. P. 4(d).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 7

Fed. R. Civ. P. 4(e). Washington law allows a party to serve an individual by providing a copy of the complaint and summons to the defendant personally or "by leaving a copy of the summons at the house of [the defendant's] usual abode with some person of suitable age and discretion then resident therein;" RCW 4.28.080(16); however, it does not permit service by leaving a copy of the complaint and summons at the person's place of employment, RCW 4.28.080(17); *Dolby v. Worthy*, 141 Wash. App. 813, 817 (2007) ("An individual defendant cannot be served by serving an employee at his or her place of business.").

If the plaintiff fails to serve defendant in accordance with Rule 4, the court is without personal jurisdiction over the defendant. *Crowley v. Bannister*, 734 F.3d 967, 974-975 (9th Cir. 2013). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* at 975 (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). "However, [n]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" *Id.* (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *but see Jimenez v. City of San Bernardino*, 176 F.3d 483 (9th Cir. 1999)

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 8

(unpublished) ("The district court erred by dismissing the claims against [defendants] because the 120-day period within which the Jimenezes were obligated to serve a copy of the summons and amended complaint on these defendants pursuant to Fed. R. Civ. P. 4(m) had not yet expired.").

This Court finds Plaintiffs have not properly served Ms. Foster, Ms. Perez, Ms. Chard, and Ms. Rocha-Rodriguez pursuant to Rule 4(e) as each Defendant's administrative assistant is not an agent authorized to receive service of process. That being said, under Rule 4(m), the time limit for service has not yet passed: Plaintiffs commenced this action on August 5, 2015, and filed their Amended Complaint on August 6, 2015. One hundred and twenty days after the amended filing would be December 4, 2015. *See McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990). Accordingly, Plaintiffs are instructed to serve these four remaining defendants by December 4, 2015, in one of the ways detailed above, or suffer dismissal. Defendants' motion to dismiss Plaintiffs' Amended Complaint on this basis is denied.

**C. Failure to File Tort Claim Notice**

Second, Defendants move to dismiss all state tort law claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (2). ECF No. 8 at 7-8. Defendants contend that Plaintiffs have failed to file the standard tort claim form, which is a prerequisite to commencing suit against the state, its agencies, and its employees.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 9

In response, Plaintiffs concede that, as of September 24, 2015, they had not filed the tort claim form; however, they argue that they have filed a complaint, not a suit. ECF No. 16 at 2. Plaintiffs represent that they will have filed a claim by the end of September. *Id.*

Before commencing suit against a governmental entity in Washington, a plaintiff is required to file a standard tort claim notice with the appropriate entity. "All claims against the state, or against the state's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct, must be presented to the office of risk management." RCW 4.92.100. "No action subject to the claim filing requirements of RCW 4.92.100 shall be commenced against the state, or against any state officer, employee, or volunteer, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim is presented to the office of risk management in the department of enterprise services." RCW 4.92.110.

"The purpose of claim filing statutes is to allow government entities time to investigate, evaluate, and settle claims." *Lee v. Metro. Parks Tacoma*, 183 Wash. App. 961, 968 (2014) (internal quotation marks omitted). Substantial compliance with the relevant claim filing statute—meaning that the "statute has been followed sufficiently so as to carry out the intent for which the statute was adopted"—is sufficient. *Id.* at 967-68. Failure to substantially comply with the statutory notice

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 10

filing provisions deprives the court of subject matter jurisdiction, *Schoonover v. State*, 116 Wash.App. 171, 177 (2003), and is grounds for dismissal, *Reyes v. City of Renton*, 121 Wash.App. 498, 502 (2004).

Here, as Plaintiffs have conceded, they failed to file the requisite tort claim form before commencing suit—filing a complaint means they have commenced suit. Accordingly, to the extent Plaintiffs' Amended Complaint sufficiently alleges any state tort law claims, this Court lacks subject matter jurisdiction over these claims. Defendants' motion to dismiss these state law claims, as to all Defendants, is granted.

**D. Failure to State a Claim Under Section 1983[7]**

Finally, Defendants move to dismiss any section 1983 claims under Rule 12(b)(6) for failure to state a claim, asserting that neither the state Defendants nor the individually-named Defendants, to the extent they are sued in their official capacity, are "persons" for purposes of section 1983 liability. ECF No. 8 at 8-9.

1. <u>State Defendants</u>

Defendants move to dismiss the State of Washington and its agencies as neither can be held liable under section 1983. ECF No. 8 at 8-9.

---

[7] "[T]he Washington notice of claims statute does not apply to section 1983 claims brought in federal court." *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 11

A cause of action pursuant to section 1983 may be maintained "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983).

"[A] state is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66 ("The Eleventh Amendment bars such suits unless the State has waived its immunity."). Eleventh Amendment immunity applies to both the state and the arms of the state.[8] *Id.* at 70; *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."); *see also Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("State

---

[8] Conversely, local government entities are not considered part of the state for Eleventh Amendment purposes. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 12

agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute.").

The State of Washington has not waived its consent to suit under section 1983. *Spurrell v. Bloch*, 40 Wash.App. 854, 864 (1985). Thus, because neither a state nor its subparts can be held liable under section 1983, neither the State of Washington nor the Department of Social and Health Services and Child Protective Services can be held liable for alleged violations of section 1983. *See Janaszak v. State*, 173 Wash.App. 703, 720 (2013). Accordingly, to the extent any section 1983 claims are directed at these Defendants, they are dismissed.

2. Personal-Capacity Suits

Defendants also move to dismiss the individually-named Defendants, asserting that a state employee cannot be sued in his or her official capacity. ECF No. 8 at 8-9.

In response, Plaintiffs cite to *Hafer v. Melo*, 502 U.S. 21 (1991), for the proposition that state officials can be sued for damages if named in their personal capacity. ECF No. 16 at 2. Confusingly, however, Plaintiffs go on to say that "if [the five individually-named] defendants were fired tomorrow, [Plaintiffs] would still hold the agency liable" for violation of their civil rights. *Id.*

Section 1983 suits can be brought against state officials either in their official or personal capacity. The relevant distinction, for purposes of seeking

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS TO DISMISS ~ 13

monetary damages, is that the Eleventh Amendment bar only applies to official capacity suits—it "does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983." *Hafer*, 502 U.S. at 30-31; *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995) ("The Eleventh Amendment . . . prohibits damage actions against state officials in their *official* capacities. However, the Eleventh Amendment does not bar suits against state officials for prospective relief. Nor does it bar damage actions against state officials in their *personal* capacities." (internal citations omitted)).

"State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer*, 502 U.S. at 27. "Although 'state officials literally are persons,' an official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" *Id.* at 26 (quoting *Will*, 491 U.S. at 71) (internal quotation marks omitted). "Indeed, when officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation." *Id.* at 25 (citing Fed. R. Civ. P. 25(d)(1)).

"By contrast, officers sued in their personal capacity come to court as individuals" and thus fit "comfortably within the statutory term 'person.'" *Id.* at 27. Personal-capacity suits "seek to impose individual liability upon a government

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 14

officer for actions taken under color of law." *Id.* at 25. Thus, "a plaintiff may pursue a 42 U.S.C. § 1983 claim against a state official seeking to impose *personal* liability on that official, such that the money comes from the official's *own* resources." *Suever v. Connell*, 579 F.3d 1047, 1060 (9th Cir. 2009).

Although Defendants assert that Plaintiffs are suing the individually-named Defendants in their official capacities, this Court construes the Amended Complaint otherwise. First, as Plaintiffs are proceeding *pro se*, this Court liberally construes the Amended Complaint in a way that will give it the meaning intended and allow it to survive dismissal. *See Ashker v. Cal. Dep't of Corr.*, 112 F.3d 392, 395 (9th Cir. 1997) (liberally construing a *pro pre* plaintiff's complaint as suing the state officials in their personal capacity). Second, the Amended Complaint does not include the official title of each Defendant, suggesting that Plaintiffs are not seeking to hold their successors liable. Third, Plaintiffs are seeking monetary and punitive damages from Defendants, which can only be sought from state actors in personal capacity suits. *See Yorktown Med. Lab, Inc. v. Perales*, 948 F.2d 84, 88-89 (2d Cir. 1991). Fourth, nothing in the Amended Complaint alleges that a custom or policy of the state agency contributed to the alleged violations, which is the necessary analysis in official-capacity suits. *See Hafer*, 502 U.S. at 25 ("Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's 'policy or custom' must have played

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 15

1  a part in the violation of federal law." (internal quotation marks omitted)).  Finally,

2  and most importantly, the Amended Complaint focuses on the individual conduct

3  of the Defendants and purports to hold them individually liable.  Accordingly, this

4  Court construes Plaintiffs' suit as a personal-capacity suit against the individually-

5  named Defendants.

6        Defendants' motion to dismiss section 1983 clams against these Defendants

7  is denied.

8  **IT IS ORDERED:**

9      1. Yakima County Sherriff's Department and Yakima County are

10        **TERMINATED**.

11      2. Defendants' Motion and Memorandum in Support of Defendants' 12(b)

12        Motion to Dismiss (ECF No. 8) is **GRANTED in part** and **DENIED in**

13        **part**.  All state law claims are dismissed without prejudice.  All section

14        1983 claims against the state Defendants are also dismissed.  Thus,

15        Defendants State of Washington, Child Protective Services, and the

16        Department of Social and Health Services are **TERMINATED**.  As

17        indicated herein, Defendants' motion as to all other claims against the

18        individually-named Defendants is **DENIED**.

19

20

3. Plaintiffs are directed to properly serve Defendants Foster, Perez, Chard,

2         and Rocha-Rodriguez in accordance with Rule 4 by December 4, 2015,

3         or suffer dismissal.

4     The District Court Executive is directed to enter this Order, provide copies

5 to the parties, and amend the caption accordingly.

6     **DATED** October 23, 2015.



         THOMAS O. RICE
         United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS TO DISMISS ~ 17