1
2
3
4
5
6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7  KEVIN JAMES TEEMAN and
   ANDREA JOY LYONS,

8                          Plaintiffs,

9       v.

10 FRANCESCA GUZMAN,

11                         Defendant.

12

NO:  1:15-CV-3138-TOR

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

13      BEFORE THE COURT is Defendant's Motion and Memorandum in

14 Support of Summary Judgment (ECF No. 27). This matter was submitted for

15 consideration without oral argument. The Court—having reviewed the briefing, the

16 record, and files therein—is fully informed.

17                          **BACKGROUND**

18      This case concerns the events surrounding the temporary seizure of

19 Plaintiffs' children in the fall of 2014. On August 6, 2015, Plaintiffs Kevin Teeman

20 and Andrea Lyons filed their Amended Complaint against the State of Washington,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Child Protective Services ("CPS"), the Department of Social and Health Services ("DSHS"), and several individually-named state employees. ECF No. 2. This Court previously construed Plaintiffs' Amended Complaint as asserting a claim for interference with their constitutionally-protected parental rights in violation of 42 U.S.C § 1983, as well as several state tort law claims, including defamation, slander, and malicious prosecution.

This Court has since dismissed Plaintiffs' state law claims and all defendants save for DSHS employee Francesca Guzman. *See* ECF Nos. 20, 24. Accordingly, Plaintiffs' sole remaining claim under section 1983 continues against Defendant Guzman alone.

In the instant motion, Defendant Guzman moves for summary judgment. ECF No. 27. Defendant asserts that she did not personally participate in the conduct giving rise to Plaintiffs' section 1983 claim. *Id.* at 11-13. In the alternative, Defendant asserts that she is immune from suit. *Id.* at 13-20.

## FACTS

The following are the undisputed material facts unless otherwise noted. For purposes of summary judgment, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2); *see also* L.R. 56.1(d) ("[T]he Court may assume that the facts as claimed

by the moving party are admitted to exist without controversy except as and to the extent that such facts are controverted by the record set forth [in the non-moving party's opposing statement of facts]").

On September 11, 2014, DSHS received a referral from Yakima Regional Hospital reporting an injury to C.T., Plaintiff Teeman's child. ECF No. 28 ¶ 3. The case was assigned to DSHS employee Staci Foster. *Id.* ¶ 13.  On September 12, 2014, Ms. Foster interviewed J.G. and N.G., two other children within Plaintiffs' home, at East Valley Elementary school. ECF Nos. 2 at 2; 28 ¶ 17. Later that same day, Ms. Foster, along with Yakima County Sheriff's Deputy Leo Hull, made an unannounced visit to Plaintiffs' residence where they found Plaintiff Teeman and his two children, C.T. and A.T. ECF Nos. 2 at 2; 28 ¶¶ 19, 20. Following the visit, Deputy Hull signed the children into the protective custody of DSHS. ECF No. 28 ¶ 25. J.G. and N.G. were returned to the care of their father, *id.* ¶ 26, and C.T. and A.T. were placed in the care of their maternal grandparents, *id.* ¶ 27. *See* ECF No. 2 at 1.

On September 17, 2014, DSHS filed Dependency Petitions for A.T. and C.T, ECF No. 28 ¶ 28, and Yakima County Superior Court Commissioner Robert Inouye entered Shelter Care Hearing Orders continuing shelter care, *id.* ¶ 29. A fact-finding hearing was set for November 20, 2014, ECF No. 28 ¶ 30; however, on September 30, 2014, both dependencies were dismissed without prejudice, ECF

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

No. 28 ¶ 33. According to the Motion, Declaration, and Order of Dismissal Without Prejudice, DSHS represented that it did not intend to pursue the dependency and that "[t]he parents have agreed to participate in voluntary services through the Department and to adhere to a safety plan agreed to by the parties." ECF No. 28 ¶¶ 33-35; *see* ECF No. 30 at 44. The children were subsequently returned to Plaintiffs. ECF No. 28 ¶ 36.

During the 18-day dependency, Defendant Guzman once filled in for Ms. Foster on a phone call with a doctor in Seattle and an assistant attorney general while Ms. Foster was on vacation. *Id.* ¶¶ 37-38. Otherwise, Ms. Foster was the DSHS employee assigned to the case during the dependency.

After the dependency was dismissed, the case was assigned to Defendant Guzman to monitor Plaintiffs' participation in voluntary services. ECF No. 28 ¶ 41. On October 28, 2014, Defendant Guzman interviewed J.G. at his school. ECF Nos. 32 at 2; 28 ¶ 45. Defendant Guzman had no concerns for his safety, ECF No. 28 ¶ 46, and Plaintiffs' case was subsequently closed, *id.* ¶ 47.

On November 25, 2014, Claudia Rocha-Rodriguez notified Plaintiff Teeman that CPS's investigation concluded in a finding of abuse and neglect against Plaintiff Teeman. ECF Nos. 2 at 6; 28 ¶ 49. Plaintiffs appealed this finding, and ultimately the allegations were dismissed. ECF Nos. 2 at 7; 28 ¶ 52.

//

## DISCUSSION

### A. Standard of Review

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that the trier-of-fact could find in favor of the non-moving party. *Id.* "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks and alterations omitted); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968) (holding that a party

is only entitled to proceed to trial if it presents sufficient, probative evidence supporting the claimed factual dispute, rather than resting on mere allegations). Moreover, "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

In ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which would be admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). *See also Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) ("[I]n ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." (internal quotation marks and brackets omitted)).

**B. Section 1983**

A cause of action pursuant to section 1983 may be maintained "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *S. Cal. Gas*

*Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. §

1983). The rights guaranteed by section 1983 are "liberally and beneficently

construed." *Dennis v. Higgins*, 498 U.S. 439, 443 (1991) (quoting *Monell v. Dep't

of Soc. Servs. of N.Y.*, 436 U.S. 658, 684 (1978)).

Defendant Guzman does not appear to dispute that she was acting under

color of state law. The Court, therefore, turns its attention to whether Defendant

committed an act or participated in an act that deprived Plaintiff of some federal

right, privilege, or immunity.

While Plaintiffs' Amended Complaint does not assert any specific

allegations against Defendant Guzman, their response briefing attempts to clarify

that they fault Defendant Guzman (1) for failing to intervene when state and local

authorities seized their children without a warrant and instituted dependency

proceedings, ECF No. 32 at 2-3; and (2) for violating Plaintiff's Fourth

Amendment rights when, after the dependency was dismissed, Defendant

interviewed Plaintiffs' child, J.G., without a warrant or parental consent, *id.* at 2.

As a threshold issue, summary judgment response briefing is not the

appropriate vehicle to assert new allegations or claims. *Trishan Air, Inc. v. Fed.

Ins. Co.*, 635 F.3d 422, 435 (9th Cir. 2011) (citing *Wasco Prods., Inc. v. Southwall

Tech., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006)). Plaintiffs have not asserted either

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

of these theories of liability in their Amended Complaint; thus, they are not properly before this Court.

However, even assuming this Court can consider these claims, Defendant Guzman is entitled to summary judgment.

### 1. Fourteenth Amendment

First, Plaintiffs seek to hold Defendant Guzman liable under section 1983 because she failed to intervene when other state and local authorities seized Plaintiffs' children. However, to prevail, Plaintiffs must defeat Defendant Guzman's defense of qualified immunity. To do so, Plaintiffs must show first that they suffered a deprivation of a constitutional or statutory right; and second that such right was clearly established at the time of the alleged misconduct. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009). A court may, within its discretion, decide which of the two prongs should be addressed first. *Pearson*, 555 U.S. at 236.

When resolving either prong of the qualified immunity analysis at the summary judgment stage, "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan*, 134 S. Ct. at 1866. "This is not a rule specific to qualified immunity; it is simply an application of the more general rule that a judge's function at summary judgment is not to weigh the evidence and

1    determine the truth of the matter but to determine whether there is a genuine issue

2    for trial." *Id.* (internal quotation marks omitted).

3         The Fourteenth Amendment protects the right of parents and children to live

4    together without governmental interference by guaranteeing that children and

5    parents will not be separated by the state without due process of law except in an

6    emergency. *Jones v. County of Los Angeles*, 802 F.3d 990, 1000 (9th Cir. 2015).

7    "Under the Fourteenth Amendment right to familial association, an official who

8    removes a child from parental custody without a warrant 'must have reasonable

9    cause to believe that the child is likely to experience serious bodily harm in the

10   time that would be required to obtain a warrant.'" *Id.* (quoting *Rogers v. County of*

11   *San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007)).

12        Plaintiffs do not assert that Defendant Guzman directly violated their

13   Fourteenth Amendment rights to familial association; rather, they fault Defendant

14   for failing to intervene when her DSHS colleague, Ms. Foster, and Yakima County

15   Sheriff's Office Deputy Hull seized Plaintiffs' children and investigated allegations

16   of child abuse and neglect. ECF No. 32 at 2-3.

17        In general, "police officers have a duty to intercede when their fellow

18   officers violate the constitutional rights of a suspect or other citizen." *Cunningham*

19   *v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting *United States v. Koon,* 34

20   F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 81 (1996)).

1  In other words, "the constitutional right violated by the passive defendant is

2  analytically the same as the right violated by the person who strikes the blows."

3  *Koon*, 34 F.3d at 1447 n.25. "Importantly, however, officers can be held liable for

4  failing to intercede only if they had [a realistic] opportunity to intercede."

5  *Cunningham*, 229 F.3d at 1289 (holding that officers not present at the time of the

6  shootings could not intercede).

7         This Court finds Defendant Guzman is entitled to qualified immunity under

8  the first prong of the *Saucier/Pearson* test as Defendant Guzman did not deprive

9  Plaintiffs of a constitutional or statutory right.

10        As a threshold issue, Plaintiffs have failed to demonstrate that Defendant

11  Guzman had a duty to intercede in the alleged constitutional violation. *See Bayer v.*

12  *Monroe Cty. Children & Youth Servs.*, 577 F.3d 186, 193 (3d Cir. 2009) (holding

13  that the social worker had no authority or affirmative duty to intervene in the

14  court's scheduling of a hearing that resulted in an alleged procedural due process

15  violation); *Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991) ("We have

16  held that while state officials are generally under no constitutional duty to protect

17  members of the public at large from harm from third parties, such a duty may arise

18  by virtue of a special relationship between state officials and a particular member

19  of the public" (internal quotation marks omitted)). Moreover, case law suggests

20  such a duty arises only in the excessive force context. *Crim v. King*, 65 F.App'x

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

591, 593 (9th Cir. 2003) ("[Plaintiff] insists that police officers have a general 'duty to intercede' whenever fellow officers are engaged in constitutional violations regardless of whether there is violent force involved. Our case law does not support this conclusion."); *Monteilh v. County of Los Angeles*, 820 F.Supp.2d 1081, 1093 (C.D. Cal. 2011) (noting that the duty to intercede has primarily arisen in excessive force cases); *Dental v. City of Salam*, No. 3:13-cv-01659, 2015 WL 1524476, at *5 (D. Or. Apr. 2, 2015) (finding the duty to intervene applies only in the excessive force context).

At any rate, this Court finds Plaintiffs have failed to create a genuine issue of fact that Defendant Guzman had a "realistic opportunity" to intervene in the alleged constitutional violation. Staci Foster, not Defendant Guzman, was the DSHS employee assigned to Plaintiffs' case in September 2014. The undisputed facts demonstrate Defendant Guzman's minimal involvement in the case: she filled in for Ms. Foster on a single telephone call with a doctor and attorney prior to dismissal of the dependency proceeding. Plaintiffs have failed to present any evidence—only their speculative allegations—that Defendant Guzman had both the authority and opportunity to intervene in the seizure of the children and subsequent dependency proceeding. Rather, it was not until after the dependency was dismissed and the children reunited with Plaintiffs that Defendant Guzman was assigned to the case for the purpose of monitoring Plaintiffs' participation in

1    voluntary services. Accordingly, even assuming there was an underlying

2    constitutional violation and Plaintiffs properly pled this claim, Defendant Guzman

3    is entitled to summary judgment as Plaintiffs have failed to create a genuine issue

4    of material fact that Defendant Guzman had a realistic opportunity to intervene in

5    the seizure of Plaintiffs' children and initiation of the dependency proceedings.

6       **2.  Fourth Amendment**

7        Second, Plaintiffs seek to hold Defendant Guzman liable under section 1983

8    for interrogating J.G. without a warrant or parental consent.

9        The Fourth Amendment also provides an important protection for families in

10   child abuse investigations. *Jones*, 802 F.3d at 1000. Specifically, the Fourth

11   Amendment protects a child from being subject to an unreasonable search or

12   seizure. *Id.* Absent parental consent, a court order, or exigent circumstances,

13   seizure of a child violates the child's Fourth Amendment rights. *Id.* In child abuse

14   investigations, a child is "seized" when the state's action would lead "a reasonable

15   person in the same position as the child's parent [to] believe that she cannot take

16   her child home." *Id.* at 1001. Importantly, a parent "has no standing to claim a

17   violation of [the child's] Fourth Amendment rights." *Mabe v. San Bernadino Cty.,*

18   *Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001). Rather, such a

19   claims is the child's to make. *Wallis v. Spencer*, 202 F.3d 1126, 1137 n.8 (9th Cir.

20   2000).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    Here, Plaintiffs' children are not joined in this suit and thus Plaintiffs, as

2 parents, do not have standing to assert a claim under the Fourth Amendment.

3 Accordingly, to the extent this claim was even properly pled, Defendant Guzman is

4 entitled to summary judgment as Plaintiffs do not have standing to make this

5 claim.

6    **ACCORDINGLY, IT IS ORDERED:**

7    1.  Defendant's Motion and Memorandum in Support of Summary Judgment

8 (ECF No. 27) is **GRANTED**.

9    2.  The District Court Executive is directed to enter this Order, provide

10 copies to the parties, enter **JUDGMENT** for Defendant, and **CLOSE** the file.

11    **DATED** September 1, 2016.



12

13                                    THOMAS O. RICE
                                Chief United States District Judge

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13